# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ARGENTIC REAL ESTATE INVESTMENT 2 LLC,
                                        *Plaintiff,*

v.

SHMUEL HAIKINS,
SUSAN HOFFMAN,
BARUCH C. MAINES,
JOSEPH RUBIN, and
FRED P. SCHWARTZ,
                          *Defendants.*

Case No. 1:25-cv-03134

**DEFAULT ~~JUDGMENT~~** ~~O~~

---

SUSAN HOFFMAN,
BARUCH C. MAINES, and
FRED P. SCHWARTZ,
                          *Crossclaim Plaintiffs,*

v.

SHMUEL HAIKINS and
JOSEPH RUBIN,
                          *Crossclaim Defendants.*

---

SUSAN HOFFMAN,
BARUCH C. MAINES, and
FRED P. SCHWARTZ,
                          *Counterclaim Plaintiffs,*

v.

ARGENTIC REAL ESTATE
INVESTMENT 2 LLC,
                          *Counterclaim Defendants.*

---

SUSAN HOFFMAN,
BARUCH C. MAINES, and
FRED P. SCHWARTZ,
                          *Third Party Plaintiffs,*

v.

SPRING LOFTS BD LLC,
SPRING LOFTS INVESTORS LLC,
SPRING LOFTS CRESCENT LLC,
SPRING LOFTS CRESCENT PLEDGE LLC,
SPRING LOFTS MANAGER LLC,
SPRING PREF 1 LLC, and
JOSEPH TREFF,
                          *Third Party Defendants.*

0

DENISE COTE, U.S.D.J.:

Plaintiff Argentic Real Estate Investment 2 LLC ("Argentic") commenced this action on April 15, 2025 with the filing of the Complaint. (ECF No. 1). On June 1, 2025 Defendants Maines, Hoffman and Schwartz (the "Five Star Defendants") filed a third party complaint against Defendants SPRING LOFTS BD LLC, SPRING LOFTS INVESTORS LLC, SPRING LOFTS CRESCENT LLC, SPRING LOFTS CRESCENT PLEDGE LLC, and SPRING LOFTS MANAGER LLC, (collectively, the "Spring Lofts Third Party Defendants").

A copy of the third party complaint was properly served on each of the Spring Lofts Third Party Defendants by personally by personally delivering two copies thereof to the New York Secretary of State pursuant to Business Corporation Law § 307, and by thereafter mailing a copy of the same, by registered mail, return receipt requested, to the last known address of each such defendant as set forth in the affidavit of compliance filed with the Court. Proof of service was filed on September 18, 2025. (ECF No. 95). None of the Spring Lofts Third Party Defendants timely answered, move against or otherwise respond to the third party complaint. On October 30, 2025, the Clerk of the Court entered a Clerk's Certificate of Default. (ECF No. 103).

The Spring Lofts Third Party Defendants re in default of their obligation to respond to the third party complaint. The Five Star Defendants seek a default judgment solely as to the Spring Lofts Third Party Defendants' liability on the following cross claims:

- Third-Party Claim 1 (Common Law Indemnification) against Spring Lofts Crescent LLC and Spring Lofts BD LLC;

- Third-Party Claim II (Contractual Indemnification) against Spring Lofts BD LLC

- Third-Party Claim III (Contribution) against Spring Lofts Crescent LLC and Spring Lofts BD LLC;

1

- Third-Party Claim IV (Breach of Fiduciary Duty) against Spring Lofts Crescent Pledge LLC and Spring Lofts Investors LLC;

- Third-Party Claim V (Breach of Fiduciary Duty and Gross Mismanagement) against Spring Lofts Manager LLC; and

- Third-Party Claim VI (Breach of Contract) against Spring Lofts BD LLC

For good cause shown, ~~judgment~~ a default is entered in favor of the Five Star Defendant/Third Party Plaintiffs and against defendant the Spring Lofts Third Party Defendants, solely with respect to the Spring Lofts Third Party Defendants' liability on the Five Star Defendants' claims enumerated above.

Any inquest on damages will proceed after a determination of the Five Star Defendants' liability on Plaintiff's claims.

Dated: New York, New York, November 12, 2025

SO ORDERED.

Denise L. Cote
United States District Judge

2