```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                           :
ARGENTIC REAL ESTATE INVESTMENT 2 LLC,     :
                                           :
                          Plaintiff,       :
                                           :      25cv3134 (DLC)
              -v-                          :
                                           :      OPINION AND
SHMUEL HAIKINS, et al.,                    :         ORDER
                                           :
                          Defendants.      :
                                           :
----------------------------------------- X
```

APPEARANCES:

For plaintiff:

Julian Finer
William S. Gyves
Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Zachary Aaron Stahl
Kelley Drye & Warren LLP
One Jefferson Road
2nd Floor
Parsippany, NJ 07054

For defendants Susan Hoffman, Baruch C. Maines, and Fred P.
Schwartz:

Yifat V. Schnur
Yifat V. Schnur Esquire LLC
22 Prescott Street
Edison, NJ 08817

For third-party defendants Spring Pref 1, LLC, and Joseph Treff:

Evan M Newman
Gabriel Steven Rosenberg
Jacobowitz Newman Tversky LLP
377 Pearsall Avenue, Suite C
Cedarhurst, NY 11516

DENISE COTE, District Judge:

Argentic Real Estate Investment 2 LLC ("Argentic") sued defendants for breach of a guaranty agreement ("Guaranty") they gave in connection with the plaintiff's loan to three companies affiliated with the defendants. Three of the defendants, who are referred to as the Five Star Defendants, filed third-party claims. Five of the third-party defendants are in default. The remaining third-party defendants, Joseph Treff and Spring Pref 1 LLC (collectively, "Spring Pref Defendants"), have filed a motion to dismiss the third-party claims against them. For the reasons below, their motion is granted.

## Background

The following facts are taken from the complaint, the Five Star Defendants' second amended answer with third-party claims, and documents integral to those pleadings. They are undisputed unless otherwise noted.

On June 15, 2022, Argentic issued a loan to three borrowers: Spring Lofts Crescent LLC, Spring Lofts BD LLC, and Five Star Spring Gardens LLC ("Borrowers"). The defendants are five individuals connected with the three Borrowers. The loan relates to a joint investment between defendants Shmuel Haikins and Joseph Rubin ("Syndicator Defendants") and defendants Susan Hoffman, Baruch C. Maines, and Fred P. Schwartz ("Five Star

Defendants") in a property in Philadelphia, Pennsylvania ("Property").  The loan is evidenced by a Promissory Note and a Loan Agreement.  Argentic required each of the five individual defendants to execute a Guaranty which granted Argentic the rights to costs incurred in enforcing the sale of Borrowers' membership interests in the event of default.

The third-party claims at issue here arise out of additional funds for the project that Haikins obtained from Joseph Treff in late 2022 or early 2023.  Through Spring Pref 1 LLC, a company he controlled, Treff invested in the Property. Although Haikins advised the Five Star Defendants that Treff would be coming in as an investor in the Property, Treff secured his funding by filing two UCC liens in favor of his company. The Five Star Defendants allege that the liens violated the terms of the Loan Agreement as well as a Tenant in Common Ownership Agreement ("TIC Agreement") between the Borrowers and triggered an event of default.

After Argentic became aware of the liens in May 2023, it informed the Five Star Defendants' business consultant that it had lost confidence in Haikins and in the loan.  After three months of failed monthly debt service payments, Argentic accelerated the loan on or around November 20, 2023.  Four months later, Argentic obtained the membership interests in the

3

Borrowers through an auction by exercising its rights under a pledge agreement made in connection with the loan.  Pursuant to the Guaranty, Argentic sent a demand letter to the defendants for the payment of the costs associated with the auction. Argentic then filed this lawsuit when the defendants failed to pay the auction costs.  In their third-party claims, the Five Star Defendants assert that but for the Spring Pref Defendants' liens, Argentic would not have lost trust in the Borrowers and would have been willing to work with the defendants on alternative solutions rather than accelerate the loan.

Argentic filed the complaint against the defendants for breach of the Guaranty on April 15, 2025.  The Five Star Defendants answered with counterclaims against Argentic, crossclaims against the Syndicator Defendants, and third-party claims on May 27.  A default has been entered against the five Spring Lofts Third-Party Defendants.[1]  The Spring Pref Defendants filed a motion to dismiss the third-party claims against them on August 7.  The Five Star Defendants were given an opportunity to amend their third-party claims.  The Five Star Defendants filed a second amended answer on August 29 incorporating their amended

---

[1]  The Spring Lofts Third-Party Defendants are Spring Lofts BD LLC, Spring Lofts Investors LLC, Spring Lofts Crescent LLC, Spring Lofts Crescent Pledge LLC, and Spring Lofts Manager LLC.

third-party claims.  The Spring Pref Defendants renewed their motion on September 12.  The motion became fully submitted on October 3.

An Opinion of December 19 denied Argentic's motion for partial judgment on the pleadings as to the liability of the Five Star Defendants under the Guaranty but granted its motion to dismiss their counterclaims against it.  Argentic Real Est. Inv. 2 LLC v. Haikins, No. 25CV3134 (DLC), 2025 WL 3685294 (S.D.N.Y. Dec. 19, 2025).  Familiarity with the December 19 Opinion is assumed.

## Discussion

The Five Star Defendants assert four claims against the Spring Pref Defendants: tortious interference with contract, unjust enrichment, breach of fiduciary duty, and tortious interference with prospective business relations.  The Spring Pref Defendants move to dismiss the claims as improper third-party claims under Rule 14, Fed. R. Civ. P.  They argue as well that the Five Star Defendants fail to state a claim.  It is only necessary to reach the first issue.

A defendant may implead "a nonparty who is or may be liable to it for all or part of the claim against it."  Rule 14(a)(1), Fed. R. Civ. P.  "A third-party complaint depends at least in part upon the resolution of the primary lawsuit."  Owen Equip. &

Erection Co. v. Kroger, 437 U.S. 365, 376 (1978). "Its relation to the original complaint is thus not mere factual similarity but logical dependence." Id. A properly pled third-party defendant must be "liable secondarily to the original defendant," liable over to the defendant "for all or part of" the plaintiff's recovery, or the defendant must attempt to pass on to the third party "all or part of the liability asserted against" it by the plaintiff. Bank Of India v. Trendi Sportswear, Inc., 239 F.3d 428, 438 (2d Cir. 2000) (citation omitted). In other words, "[t]he impleader action must be dependent on, or derivative of" the underlying claims. Id. "The decision whether to permit a defendant to implead a third-party defendant rests in the trial court's discretion." Kenneth Leventhal & Co. v. Joyner Wholesale Co., 736 F.2d 29, 31 (2d Cir. 1984).

The Five Star Defendants may not implead the Spring Pref Defendants. The Spring Pref Defendants are not secondarily liable to Argentic for the auction costs and the claims against them are not dependent or derivative of Argentic's efforts to obtain those costs by enforcing the Guaranty.

Argentic's underlying claim is for a breach of a Guaranty that the Five Star Defendants executed in connection with Argentic's loan to the Borrowers. In two claims, the Five Star

Defendants assert that the Spring Pref Defendants tortiously interfered with the TIC Agreement and the Loan Agreement, documents to which they are not parties, creating an event of default and impacting the relationship between Argentic and the Five Star Defendants.  The Five Star Defendants next contend that the Spring Pref Defendants unjustly enriched themselves by securing interests in the Property without providing value to the Five Star Defendants.  None of these claims arises out of the Five Star Defendants' liability to Argentic under the Guaranty for costs incurred by Argentic in enforcing its rights to sell the Borrowers' membership interests at an auction.  In other words, the Spring Pref Defendants are not secondarily liable for the auction costs that Argentic seeks to obtain through this litigation pursuant to the Guaranty.

In their opposition brief, the Five Star Defendants argue that the Spring Pref Defendants destabilized the Borrowers and triggered the default, which then exposed the Five Star Defendants.  They argue that these allegations make the third-party claims against the Spring Pref Defendants sufficiently derivative of Argentic's claim to survive.  Even if the actions of the Spring Pref Defendants may have contributed to Argentic's decision to accelerate the loan, that does not make the Spring Pref Defendants liable derivatively for any recovery that

Argentic may seek pursuant to the Guaranty from the Five Star Defendants.

The Five Star Defendants rely on Int'l Paving Sys., Inc. v. Van-Tulco, Inc., 866 F. Supp. 682 (E.D.N.Y. 1994). In Van-Tulco, a subcontractor sued the contractor for non-payment, and the contractor impleaded the City for its failure to pay the contractor for its work on the same construction project. Id. at 687. The contractor's third-party claim against the City was therefore "dependent upon" the subcontractor plaintiff's breach of contract claim against the contractor for non-payment. Id. at 688. Van-Tulco is a textbook example of an impleader action and is inapplicable here, where the Five Star Defendants have not alleged conduct derivative of the Guaranty they gave to Argentic for the payment of costs from Argentic's sale of Borrowers' membership interests at auction.

### Conclusion

The Spring Pref Defendants' September 12, 2025, motion to dismiss the third-party claims against them is granted.

Dated:     New York, New York
           January 5, 2026

_____
DENISE COTE
United States District Judge

8