

**YIFAT V. SCHNUR**
YVLS ESQ. LLC

22 Prescott Street, Edison, NJ 08817
26 Broadway, 19th Flr., New York, NY 10004
Email: yifat@yvlslaw.com
T: 347.268.5347

*Denied.*
*Denise Cote*
*2/12/26*

February 12, 2026

**VIA ECF**                                                LETTER MOTION
Honorable Denise Cote
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Argentic Real Estate Investment 2 LLC v. Haikins et al.,*
Case No. 1:25-cv-03134-DLC

Dear Honorable Cote,

This firm represents Defendants Feivel Schwartz, Bernard Maines, and Susan Hoffman (the "Five Star Defendants") and writes respectfully concerning the Court-ordered mediation currently scheduled for February 17, 2026.

As the Court is aware, the central remaining issue in this case is whether Plaintiff's disposition of the collateral and the approximately $1.34 million in "expenses" it now seeks to shift to the guarantors were commercially reasonable. Defendants have retained a qualified appraiser to evaluate the value of the underlying property and assist in assessing Plaintiff's claimed damages. Defendants acknowledge that their request for inspection was made close in time to the scheduled mediation. However, the request itself is neither unreasonable nor burdensome. It requires nothing more than allowing a licensed appraiser to access and inspect a commercial building currently under Plaintiff's control. No meaningful cost or logistical burden is imposed on Plaintiff by permitting such an inspection.

Defendants have requested access to the premises tomorrow (February 13, 2026) so that the appraisal inspection may be completed and the report finalized in advance of the February 17 mediation. Despite this straightforward request, Plaintiff has refused to confirm access or provide any inspection date, has declined to provide a point of contact for entry, and has repeatedly stated only that the request is "under consideration," and that it was "informal" without offering any timeline or alternative date and no substantive explanation for the refusal of this reasonable request which my clients are entitled to.

Without access to the property, Defendants cannot obtain an appraisal report in time for the February 17 mediation. Mediation cannot serve its intended purpose where one party controls

Case 1:25-cv-03134-DLC    Document 122    Filed 02/12/26    Page 2 of 2



access to essential information and prevents the other from obtaining a valuation necessary to assess exposure and litigation risk. Plaintiff's refusal to permit inspection—while insisting on proceeding with mediation—creates the appearance of tactical delay and undermines the possibility of a productive settlement process.

Accordingly, Defendants respectfully request that the Court either:

1. Direct Plaintiff to provide access to the property tomorrow for inspection by Defendants' appraiser; or
2. Adjourn the February 17 mediation date and reset mediation for a date at the end of March 2026, to allow sufficient time for inspection and completion of the appraisal report.

Defendants remain willing to participate in mediation in good faith. However, meaningful mediation requires a fair opportunity to assess the valuation and commercial reasonableness issues at the core of this dispute.

We thank the Court for its attention to this matter.

Respectfully submitted,

Respectfully,
**YVLS LAW**

By: _____

Yifat V. Schnur, Esq
22 Prescott Street, Edison, NJ 08817
Telephone: (347) 268-5347
Email: Yifat@yvlslaw.com